UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 5292 |
| | ) | |
| JOE MANNA, et al., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Joe Manna ("Officer Manna") and John Doe 1's (the "Unknown Officer") (collectively, the "Westchester Defendants") Motion to Dismiss Counts I-V of Plaintiff Michael Young's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants Defendants' Motion.

## STATEMENT

The following facts come from the Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Young's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

On or around July 15, 2021, Defendant SBC Waste Management ("SBC Waste") placed a trash container in the parking lot of Young's law office without his consent. The container eventually became so overloaded with trash that one wheel started to sink

into the parking lot, causing the other wheel to rise approximately four inches off the ground. On September 24, 2021, Young contacted SBC Waste to have the container removed. Young communicated with SBC Waste representatives Erica Gamboa and Alexis Ceja. When the container was still there three days later, on September 27, 2021, Young contacted the Westchester Police Department ("Westchester PD"). An officer went to Young's office, and after a phone conversation with Ceja, the officer told Young SBC Waste promised to remove the container that day. SBC failed to keep that promise.

On September 28, 2021, Young again contacted Ceja and asked if it was okay to spray paint warnings on the container. After purportedly receiving verbal permission from Ceja, Young spray painted "STAY AWAY", "DANGER", and "TIP" on the container. The next day, the Westchester Defendants arrived at Young's office accompanied by Defendant Chris Flood, a representative of SBC Waste. Young explained he had permission to spray paint the container.

Officer Manna told Young he needed to remove the markings and pay for the damage to the container. The Westchester Defendants refused to review Young's email exchanges with Ceja. Young agreed to Flood's demand and paid Flood $300, but then said he would file a civil suit against Flood by the end of the day. Flood immediately returned the money and insisted Young provide him with a written waiver stating Young would not file any lawsuit.

The Westchester Defendants threatened to arrest Young if he did not comply with Flood's new demand. Young refused and stated he was leaving. Officer Manna told Young, "You're not leaving." Young, distraught, went back to his office to write out the release requested by Flood. Flood then demanded Young add language releasing any claims to post a negative review on social media. Young complied. At one point during the exchange, Officer Manna told Young, "giving him what he wants beats going to jail."

In his Complaint, Young asserts causes of action under Section 1983 for "Violation of the Fourth Amendment – Falsely Detaining" (Count I); "Conspiracy to Deprive Plaintiff of his Constitutional Rights" (Count II); and "Failure to Intervene" (Count III). Young also asserts state law claims for false imprisonment (Count IV), intimidation (Count V), and negligence (Count VI). The Westchester Defendants move to dismiss Counts I-V against them under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

With this standard in mind, we address the Westchester Defendants' arguments in turn.

I. **Section 1983: Fourth Amendment Violation (Count I)**

In his Response, Young clarifies that Count I is a Section 1983 claim for unlawful detention. Young asserts the police interaction, which purportedly included continued threats of jail if Young did not pay off Flood, directives to arriving witnesses to leave the scene, and a direct statement to Young that "You're not leaving," make clear Young was not free to leave the scene. The Westchester Defendants argue Count I must be dismissed because they did not prevent Young's free movement and they had probable cause to believe Young committed a crime.

A police officer who unlawfully restrains an individual's movement commits an unlawful seizure within the meaning of the Fourth Amendment. *See, e.g., Dunaway v.*

4

*New York*, 442 U.S. 200, 207–08 (1979); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1180 (7th Cir. 1994) (stating the two "crucial elements" of an unlawful seizure are coercive pressure from a state actor "resulting in a significant, present disruption of the targeted person's freedom of movement."). A "seizure" occurs where a "reasonable person would have believed he was not free to leave." *Brendlin v. California*, 551 U.S. 249, 249 (2007); *Lewis v. City of Chi.*, 914 F.3d 472, 476 (7th Cir. 2019). Unlawful detention and false imprisonment claims fall within the Fourth Amendment's protections. *Jeffries v. City of Chi.*, 2010 WL 5313491, at *3 (N.D. Ill. 2010).

Probable cause constitutes an absolute defense to a Section 1983 claim for wrongful arrest, false imprisonment, or malicious prosecution. *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 713–14 (7th Cir. 2013); *Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 878 (7th Cir. 2012). "This is so even where the defendant officers allegedly acted upon a malicious motive." *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause exists "if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *United States v. Sands*, 815 F.3d 1057, 1062 (7th Cir. 2015) (quoting *Abbott*, 705 F.3d at 714); *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012).

Here, the Westchester Defendants argue Young's admission he spray painted the SBC Waste container gave them probable cause to detain, and even arrest, Young for committing criminal damage to property. Under Illinois law, a person commits criminal

damage to property when he "knowingly damages any property of another." 720 ILCS 5/21-1(a). Young, however, alleges he had SBC Waste's permission to paint the trash container, and a property owner's consent to damage is an affirmative defense. 720 ILCS 5/21-1(c). But the existence of Young's claimed affirmative defense of consent has no bearing on the probable cause analysis. *Beiles v. City of Chi.*, 987 F. Supp. 2d 830, 836–37 (N.D. Ill. 2013); *Aboufariss v. City of De Kalb*, 305 Ill. App. 3d 1054, 1062 (2d Dist. 1999) ("the assertion of an affirmative defense does not negate the finding of probable cause for purposes of a section 1983 analysis").

Young claims the Westchester Defendants should have questioned Flood's allegations that Young damaged the container without consent and "further investigated." There are certainly instances in which a police officer must make further inquiry; however, while "[a] police officer may not ignore conclusively established evidence of the existence of an affirmative defense . . . the officer has no duty to investigate the validity of any defense." *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004) (cleaned up). Even taking all Young's allegations as true, the evidence—as set forth in the Complaint—does not *conclusively* establish the existence of Young's affirmative defense of consent.

Even assuming Ceja gave Young permission to spray paint the container during an earlier phone call, "probable cause depends not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person *in the position of the arresting officer* – seeing what he saw, hearing

6

what he heard." *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 457 (7th Cir. 2010) (emphasis in original) (quoting *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992)). This is key. According to the Complaint, at the time of the incident the Westchester Defendants were faced with: (1) Flood's complaint that Young vandalized SBC Waste property; (2) Young's admission he spray painted the container; (3) Young's claims he had consent from a different SBC Waste representative who was not present at the scene; and (4) Young's email to Ceja stating he spray painted the container with her permission, without written confirmation from Ceja. Considering the totality of the circumstances alleged in the Complaint, the Westchester Defendants had probable cause to detain and arrest Young. *See United States v. Shields*, 789 F.3d 733, 746 (7th Cir. 2015) (probably cause "is a fluid concept based on common-sense interpretations of reasonable police officers as to the totality of the circumstances at the time of the arrest.").

We are cognizant that dismissal based on an affirmative defense such as probable cause is appropriate only when the pleadings and matters properly subject to judicial notice make clear that a plaintiff's claim is barred as a matter of law. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."). Here, Young pled himself out of court. Count I is dismissed, with prejudice.

## II. Section 1983: Conspiracy (Count II)

The Complaint alleges the Westchester Defendants conspired with Defendant Flood "when they prevented Young from leaving, demanded a payoff, and demanded a release related to their behavior." Only the first of these actions implicates a constitutional right—the constitutional right that Count I is premised upon.

"Although conspiracy claims under [Section] 1983 are not subject to a heightened pleading standard, 'a bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim.'" *Senalan v. Curran*, 78 F. Supp. 3d 905, 914 (N.D. Ill. 2015) (quoting *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009)). A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988). To establish conspiracy liability under Section 1983, a plaintiff must show that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (citing *Scherer*, 840 F.2d at 442). In other words, a plaintiff must "show an underlying constitutional violation and demonstrate that the defendants agreed to inflict the constitutional harm." *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018) (cleaned up).

Young's conspiracy claim fails because he failed to allege a constitutional violation based on the Court's finding in Count I. Count II is therefore dismissed.

### III. Section 1983: Failure to Intervene (Count III)

Count III is somewhat perplexing. Presumably, Young intends for the Westchester Defendants to be found responsible for each other's alleged actions, since Officer Manna could not be liable for both detaining Young (as alleged in Count I) *and* for failing to stop himself from detaining Young. The same goes for the Unknown Officer. Young says "both officers became guilty of the wrongful activity, neither officer stopped the other from participating in the unlawful shakedown of Young, and both had a duty to do so." This alleged "unlawful shakedown," however, does not constitute a constitutional violation.

By definition, a claim about a failure to intervene to prevent a constitutional violation requires a showing that a constitutional violation occurred. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (citing *Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004)). As with Young's conspiracy claim, Young's failure to intervene claim fails because Young failed to adequately plead a constitutional violation. Count III is dismissed.

### IV. Young's State Law Claims

Young brings state law claims against the Westchester Defendants for false imprisonment and intimidation. He also brings a negligence claim against Defendant Flood. However, because we grant the Westchester Defendants' Motion to Dismiss as to the Section 1983 claims, the Court does not have subject matter jurisdiction, and thus

9

declines to exercise its supplemental jurisdiction over Young's state law claims. 28 U.S.C. § 1367(c)(3).

## V. Leave to Amend

Under Rule 15(a)(2), courts should freely give leave to amend when justice requires. Generally, an initial dismissal for failure to state a claim should be without prejudice, unless it is certain from the face of the complaint that any amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Based on the Court's analysis above, amendment would be futile.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [8] is granted. Young's Complaint is dismissed with prejudice as to his federal claims, and without prejudice as to his state law claims. Civil case terminated. It is so ordered.

Dated: March 8, 2022

_____
Charles P. Kocoras
United States District Judge